___ Priority
✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3



FILED
DEC 15 1999
CLERK, U S DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PATRICK C HOEFER,<br><br>　　Plaintiff,<br><br>　　v.<br><br>FLUOR DANIEL INC., et al.,<br><br>　　Defendants. | Case No. SACV 98-447-GLT (EEx)<br><br>ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION TO VACATE FEBRUARY 26, 1999 ORDER TERMINATING DEPOSITION |

　　On December 14, 1999, plaintiff filed an *ex parte* application to vacate the Court's order filed February 26, 1999. That order, which prohibited plaintiff from further deposing Sarah Bruck without leave of court for good cause shown, resulted from the Court's finding that plaintiff's counsel's questioning of Bruck had been harassing, abusive, and insulting.

　　The present motion, although styled as an application to "vacate" the February 26 order, is simply a motion for reconsideration of that order. However, it does not even purport to comply with Local Rule 7.16.

//

ENTERED ON ICMS
DEC 15 1999

Moreover, there is no adequate showing why *ex parte* relief is justified. Plaintiff contends that the matter has become urgent, because defendant only recently designated Bruck as a witness under Rule 30(b)(6), F.R.Civ.P., and the discovery cutoff date is in March, 2000. However, plaintiff has obviously not pursued his discovery efforts diligently. He concedes that he has been trying for 18 months to take a Rule 30(b)(6) deposition and that, in effect, defendant Fluor has frustrated his efforts. Yet, plaintiff apparently did not seek to compel cooperation or sanctions against Fluor (assuming his contentions are true[1]) for the entire period until discovery cutoff approached. The papers presented do not show that a notice of the Rule 30(b)(6) deposition was even served until at least September 21, 1999  (See *ex parte* application, exhibit A.) Moreover, the date of deposition was noticed for October 21, 1999; yet, plaintiff does not explain why this application was not filed until 6 weeks later.

In short, it appears that plaintiff has been utterly lacking in diligence in pursuing discovery, and, under these circumstances, he is not entitled to "go to the head of the line" by seeking urgent *ex parte* relief. *See, generally, Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488 (C.D. Cal. 1995).

For the foregoing reasons, plaintiff's *ex parte* application filed December 14, 1999, is DENIED.

Dated: December 15, 1999

_____
Elgin Edwards
United States Magistrate Judge

---

[1] The magistrate judge does not make any finding as to whether Fluor acted improperly, since Fluor has not been heard on the present motion.