

Priority
✓ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PATRICK C. HOEFER,                    )    Case No. SACV 98-447-GLT (EEx)
                                      )
          Plaintiff,                  )    ORDER RE DISCOVERY
                                      )
          v.                          )
                                      )
FLUOR DANIEL, INC., et al.,           )
                                      )
          Defendants.                 )
_____       )

    On March 13, 2000, defendants filed a notice of motion and joint

stipulation on defendants' "Motion to Compel Deposition of Plaintiff

and Sanction Counsel for Plaintiff," accompanied by declaration of

Bart Williams and certificate of counsel Donovan Cocas, pursuant to

Local Rule 7.15.  On March 21, 2000, each side filed a supplemental

memorandum pursuant to Local Rule 7.15.3.  Plaintiff's supplemental

memorandum was accompanied by a declaration of plaintiff's counsel,

Dean Pace.  The papers have been carefully considered, and it is

indisputable that defendants are entitled to the relief sought.

Accordingly, oral argument is dispensed with pursuant to Local Rule

7.11, and the motion is decided on the papers timely filed

///

MAR 27 2000

ENTERED ON ICMS _____

1    The papers show that plaintiff was duly noticed to appear on
2    February 23, 2000 to continue with a previously started deposition.
3    Notice was given on January 24, 2000 - almost a month ahead of time.
4    Plaintiff did not appear and did not seek a protective order against
5    proceeding with the deposition.   Instead, the undisputed facts are
6    that counsel for plaintiff, while knowing that his client was to
7    appear on February 23, sent out a notice to take a different
8    deposition on the same day, February 23, 2000, and then declined to
9    produce plaintiff due to the manufactured "conflict," among other
10   things.

11   Plaintiff does not dispute any of the pertinent facts shown in
12   the  declaration  of  Bart  Williams  filed  by  defendants.    The
13   declaration  of  Dean  Pace  attached  to  plaintiff's  supplemental
14   memorandum filed March 21, 2000, instead asserts a number of facts
15   not relevant to the issue in this motion: whether plaintiff's failure
16   to appear for deposition and failure to seek a protective order were
17   justified.    In  particular,  the  Pace  declaration  makes  various
18   allegations discussed below.

19   •    Pace states that defendants' papers "deceive this Honorable
20        Court"  because  the  joint  stipulation  did  not  note  that
21        defendants did take plaintiff's deposition on February 24 and
22        March  2,  2000.   This might somewhat ameliorate the prejudice
23        from plaintiff's failure to appear on the date noticed; however,
24        it does not retroactively cure the failure.   *See Henry v. Gill*
25        *Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993).   As to any
26        alleged deception, the magistrate judge was made aware of the
27        later depositions in the certificate of counsel Donovan Cocas
28        filed with the motion.

2

Case 8:98-cv-00447-GLT-EE   Document 108   Filed 03/24/00   Page 3 of 5   Page ID #:8

- Pace states that the motion is moot because of the February 24 and March 2 appearances of plaintiff for deposition.  This did not cure the failure to appear for reasons stated above

- Pace states that defendants did not comply with Local Rule 7.15 because the prefiling conference of counsel did not discuss having 2 additional days of deposition beyond those conducted on February 24 and March 2.  Again, while this may lessen the need for lengthy additional deposition, it does not bear on plaintiff's failure to appear as noticed (or to seek a protective order before the time to appear, given that plaintiff had almost a month to do so.)

- Pace asserts without explanation, "Six days of deposition of Plaintiff should be sufficient *per se* for the instant Wrongful Termination Action."  Defendants counter that their previous attempts to depose plaintiff were without answers they needed (due to the sealing of records) or due to the cutting short of deposition sessions.  The magistrate judge takes no position on the question of whether defendants have had adequate opportunity to depose plaintiff; that issue is not briefed in this motion. In any event, if plaintiff believed defendants were harassing him by taking excessive time to depose him, the remedy was to seek a protective order pursuant to Rule 26(c), F.R.Civ.P., not simply to ignore the notice to appear.

- Pace finally states that one defendant, Fluor Daniel, Inc., will have an opportunity to depose plaintiff in the qui tam action severed from this action.  If plaintiff is offering to stipulate that all defendants can take part in and use the discovery from another case in this one, it may be economical for the parties

3

1   to so-stipulate, but it has no bearing on plaintiff's past

2   conduct.

3        In short, the declaration of plaintiff's counsel presents no

4   facts to rebut the showing made by defendants, and counsel's attempt

5   to create a "conflict" by noticing a deposition after he was already

6   aware of defendants' planned deposition is nothing but unprofessional

7   gamesmanship. The justifications presented in this motion smack of

8   after-the-fact attempts to justify, rather than concede, the earlier

9   errors in judgment.

10       Defendants should not have had to move to compel plaintiff to

11  appear for his deposition.  If plaintiff believed he had been deposed

12  long enough, it was his burden to move for protective order.  He did

13  not do so, and his resistance to this motion was not "substantially

14  justified."  Defendants are accordingly entitled to their costs and

15  expenses incurred as a result of plaintiff's failure to appear.

16  Since it clearly appears to have been upon the advice of counsel that

17  plaintiff did not appear, plaintiff's counsel should bear the burden

18  of reimbursing defendants for their reasonable expenses pursuant to

19  Rule 37(a)(4), F.R.Civ.P.

20       In accordance with the foregoing, it is ORDERED that:

21       1. Plaintiff shall appear for his deposition until it is

22       completed at such time and place as may be noticed by

23       defendants or as stipulated to in a writing signed by

24       plaintiff and all counsel, not later than 20 days after the

25       date of service of this order.  The notice shall be faxed

26       and mailed to plaintiff's counsel not later than 10 days

27

28

4

before the date noticed for deposition therein;[1] and

2. Defendants may move for an order that counsel for plaintiff pay to them an amount certain as monetary sanctions under Rule 37(a)(4), F.R.Civ.P. Such motion shall be made after compliance with Local Rule 7.15, where the subject to be conferred about need only address the amount of expenses that were reasonably incurred as a result of plaintiff's failure to appear for deposition as noticed on February 23, 2000, including the expenses reasonably incurred by defendants in bringing the present motion (and such additional motion, if required)

March 24, 2000

Elgin Edwards
United States Magistrate Judge

---

[1]Nothing herein is intended to imply that plaintiff may not bring a motion for protective order if the conduct of the deposition so-warrants.