(For Publication)

___ Priority
_X_ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

FILED
APR -7 2000
CLERK, U S DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK C. HOEFER, | Case No. SA CV 98-447-GLT[KY] |
| Plaintiff, | REVISED ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS |
| vs. | |
| FLUOR DANIEL, INC., et al. | |
| Defendants. | |

On a motion for reconsideration of the federal preemption issue, the Court withdraws its May 25, 1999 order (Hoefer v. Fluor Daniel, Inc., 50 F.Supp. 2d 975 (C.D. Cal. 1999), and issues this revised order. Concerning three issues not yet decided by the Ninth Circuit, the Court holds California's False Claims Act does not protect federal whistleblowers, the intracorporate conspiracy doctrine applies to a 42 U.S.C. § 1985 conspiracy claim, and a state wrongful employment retaliation claim is not preempted by the Federal False Claims Act.

I. BACKGROUND

Plaintiff Hoefer was hired by Defendant Fluor Daniel in 1988, and later served as Fluor's Director of Government Finance Compliance. In 1998 Hoefer was suspended and in 1999 he was terminated. Hoefer alleges he was retaliated against for bringing two qui tam actions

charging Fluor with violations of the Federal False Claims Act.

Plaintiff sued Fluor for (1) violation of the Federal False Claims Act, 31 U.S.C. § 3729 and following; (2) violation of the California False Claims Act, Cal. Government Code § 12653; (3) violation of 42 U.S.C. § 1985(2,3); and (4) wrongful employment retaliation in violation of public policy. Defendant does not now challenge the Federal False Claims Act claim, but moves to dismiss the other claims.

## II. DISCUSSION

By its motion, Fluor presents issues of first impression on each of the challenged claims.

### A. California False Claims Act -- non-application to federal whistleblowers

The Court holds California's False Claims Act does not provide protection from retaliation for federal whistleblowers.

Plaintiff claims Defendant Fluor violated California's False Claims Act, Government Code § 12653(b), by retaliating against him for filing two cases under the Federal False Claims Act alleging Fluor overbilled the federal government. Defendants move to dismiss Plaintiff's second cause of action on the grounds § 12653 protects only state whistleblowers.

California Government Code § 12653(b) provides:

> No employer shall discharge, demote, suspend, threaten, harass, deny promotion to, or in any other manner discriminate against, an employee in the terms and conditions of employment because of lawful acts done by the employee on behalf of the employee or others in disclosing information to a government or law enforcement agency or in furthering a false claims action, including investigation for, initiation of, testimony for, or assistance in, an action filed or to be filed under Section 12652.

Plaintiff argues the first part of § 12653, which prohibits

retaliation against an employee for "disclosing information to a government or law enforcement agency," is not limited to state whistleblowers. Plaintiff argues only the second part of § 12653, which prohibits retaliation against an employee for "acting in furtherance of a false claims action," is limited to state whistleblowers.[1/]

The Court disagrees with Plaintiff's reading of § 12653. That section is part of California's False Claims Act contained in Article 9 of the California Government Code. See Cal. Gov't. Code §§ 12650-12655. The purpose of Article 9 is to protect whistleblowers who report false claims requesting money from the state or local governments. According to § 12650, for the purposes of this article the term "claim" includes:

> any request or demand for money, property, or services made to any employee, officer, or agent of <u>the state or of any political subdivision</u>, or to any contractor, grantee, or other recipient, whether under contract or not, if any portion of the money, property, or services requested or demanded issued from, or was provided by, <u>the state</u> . . . <u>or by any political subdivision thereof</u>.

Similarly, § 12651 provides that the false claims actionable under Article 9 are those against the state or a political subdivision of the state.

In light of its language and context, the Court concludes § 12653(b) does not assist federal whistleblowers. The Court GRANTS Defendants' Motion to Dismiss Plaintiff's California False Claims Act cause of action.

---

[1/] Neither party has cited any cases discussing the applicability of § 12653(b) to federal whistleblower actions.

B. **42 U.S.C. § 1985 Conspiracy Claim -- Application of the Intracorporate Conspiracy Doctrine**

The Court holds the intracorporate conspiracy doctrine applies to 42 U.S.C. § 1985 conspiracy claims.

Plaintiff alleges Defendant Fluor, three individual Fluor defendant employees, and Fluor's retained counsel conspired among themselves to retaliate against Plaintiff for bringing False Claims Act proceedings. [2/]

The intracorporate conspiracy doctrine provides that, as a matter of law, a corporation cannot conspire with its own employees or agents. See Washington v. Duty Free Shoppers, 696 F. Supp. 1323, 1325 (N.D.Cal. 1988).[3/] The logic for the doctrine comes directly from the definition of a conspiracy. A conspiracy requires a meeting of minds. See Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983). "It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself anymore than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." Nelson Radio & Supply Co. v. Motorola, Inc., 200 F.2d 911, 914 (5th Cir. 1952), cert. denied, 345 U.S. 925 (1953).

Plaintiff argues the Supreme Court in Haddle v. Garrison, 525

---

[2/] Plaintiff does not allege which portions of 42 U.S.C. § 1985 (2,3) were triggered by the claimed conspiracy. Defendants and the Court assume Plaintiff is alleging violations of the first clause of § 1985(2) (conspiracies to interfere with justice in the federal courts) and the first clause of § 1985(3) (private conspiracies to deny "any person or class of persons the equal protection of the laws").

[3/] Fluor's retained counsel is its agent for the purposes of the intracorporate conspiracy doctrine. See Doherty v American Motors Corporation, 728 F.2d 334, 340 (6th Cir. 1984).

U.S. 121 (1998), implicitly considered and rejected the intracorporate conspiracy doctrine's application to § 1985 by allowing an employee to bring a § 1985(2) action against his employer and its officers. Plaintiff misconstrues the scope and holding of Haddle. Although Haddle involved a § 1985(2) action alleging conspiracy among an employer and its officers, the intracorporate conspiracy issue was not considered. The Supreme Court made clear its review was "confined to one question: Can petitioner state a claim for damages by alleging that a conspiracy proscribed by § 1985(2) induced his employer to terminate his at-will employment?" See Haddle, 525 U.S. at 125. The Supreme Court ruled only on that issue. See Haddle, 525 U.S. at 126. The Eleventh Circuit had already previously rejected the intracorporate conspiracy doctrine.[4/] Because the intracorporate conspiracy doctrine was not before the Supreme Court, it would be a mistake to draw any inference from the Court's silence on the issue. See United States v. Stewart, 650 F.2d 178, 180 (9th Cir. 1981); National Electrical Contractors Association v. International Brotherhood of Electrical Workers, 632 F. Supp. 1403, 1414 (E.D.Cal. 1986), aff'd, 888 F.2d 604 (9th Cir. 1989).

The intracorporate conspiracy doctrine first developed in the antitrust context. See Nelson, 200 F.2d at 914 (holding a corporation cannot conspire with its officers and agents to restrain trade in its own products). The Seventh Circuit extended the doctrine to § 1985 claims. See Dombrowski v. Dowling, 459 F.2d 190, 196 (7th Cir. 1972) (holding that, when two executives of the same firm make a decision to discriminate in furtherance of the purposes of the business, this

---

[4/] See United States v. Hartley, 678 F.2d 961, 971-72 (11th Cir. 1982), cert. denied, 459 U.S. 1170 (1983).

decision cannot be called a conspiracy for purposes of § 1985).

The Circuits are divided over whether extension of the intracorporate conspiracy doctrine to § 1985 is appropriate. The Second, Fourth, Sixth and Eighth Circuits have followed the Seventh Circuit's extension of the doctrine to § 1985, finding its logic applies equally in both contexts. According to the Eighth Circuit, "[i]f the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision or in the act itself will normally not constitute the conspiracy contemplated by this statute." Baker v. Stuart Broadcasting Co., 505 F.2d 181, 183 (8th Cir. 1974) (applying intracorporate conspiracy doctrine to § 1985 action based on alleged sex discrimination). Similarly, the Second Circuit applied the intracorporate conspiracy doctrine to a § 1985 claim based on alleged sex discrimination finding "plaintiff's allegations of multiple acts by the directors are not alleged to be other than the implementation of a single policy by a single policymaking body. . . . [P]laintiff does not allege that any of the individual defendants acted in any other capacity than his official role of director." Girard v. 94th Street & Fifth Avenue Corp., 530 F.2d 66, 71 (2nd Cir. 1976), cert. denied, 425 U.S. 974 (1976). See also Buschi v. Kirven, 775 F.2d 1240, 1251-52 (4th Cir. 1985)(applying the intracorporate conspiracy doctrine to a § 1985 conspiracy alleging violation of plaintiffs' First Amendment and due process rights). See also Doherty, 728 F.2d at 339-40 (applying the intracorporate conspiracy doctrine to a § 1985(2) case alleging a corporate conspiracy to coerce plaintiff-employee to enter nolo contendere plea to federal bribery charges).

For public policy reasons, however, the First and Third Circuits have refused to apply the intracorporate conspiracy doctrine to § 1985 cases alleging conspiracies to discriminate on the basis of race or sex. See Stathos v. Bowden, 728 F.2d 15, 20-21 (1st Cir. 1984) (holding the logic of the intracorporate conspiracy doctrine in antitrust cases does not warrant its extension to civil rights cases). Similarly, the Third Circuit rejected the application of the intracorporate conspiracy doctrine to a § 1985 claim based on alleged sex discrimination because it saw "nothing in the policies undergirding § 1985(3)" to support its application to cases alleging conspiracies to violate civil rights. See Novotny v. Great American Fed. Savings & Loan Assn., 584 F.2d 1235, 1257 (3d Cir. 1978), rev'd on other grds., 442 U.S. 366 (1979).

The Ninth Circuit has expressly declined so far to decide whether the intracorporate conspiracy doctrine could be applied to a § 1985 case. See Portman v. County of Santa Clara, 995 F.2d 898, 910 (9th Cir. 1993).

California's federal district courts have disagreed over the doctrine's application to § 1985 for the same reasons the Circuits have disagreed. Two district courts have rejected the application of the doctrine to § 1985 claims based on underlying acts of race discrimination, holding such an application would unduly restrict antidiscrimination laws. See Duty Free Shoppers, 696 F. Supp. at 1326 ("[T]he intracorporate conspiracy doctrine should not be extended to §§ 1985(3) and 1986 because its rationale does not apply in the civil rights context. In the area of civil rights, a real danger exists from the collaboration among agents of a single business to discriminate."); Rebel Van Lines v. City of Compton, 663 F. Supp. 786,

792 (C.D. Cal. 1987) ("To apply the intra-corporate conspiracy exception to public entities and officials would immunize official policies of discrimination").[5/]

Other California district courts have accepted the logic of the doctrine and applied it in the Section 1985 context, including claims alleging civil rights violations. The court in Rabkin v. Dean found persuasive "the rationale supporting application of the intracorporate conspiracy doctrine to bar a § 1985 claim where the conspiratorial conduct challenged is essentially a single act by a single governmental body acting exclusively through its own officers, each acting within the scope of his or her official capacity." 856 F. Supp. 543, 551-52 (N.D. Cal. 1994) (applying the intracorporate conspiracy doctrine to bar a § 1985 claim based on alleged politically-based discrimination). See also Welsh v. City and County of San Francisco, No. C-93-3722 DLJ, 1995 WL 415127 at *3 (N.D. Cal. June 30, 1995) (following the logic of Rabkin and applying the intracorporate conspiracy doctrine to a § 1985 claim based on alleged sex discrimination).

This Court agrees with the Second, Fourth, Sixth, Seventh, and Eighth Circuits: the logic of the doctrine is sound. Its application should not depend on the perceived importance of the issue or public policy involved. The doctrine would not apply if the actionable

---

[5/] The Court in Rebel Van Lines also suggested employees engaged in racial discrimination were acting outside the scope of their business authority and were therefore no longer agents of the corporation, so would be capable of forming a conspiracy. See 663 F. Supp. at 792 ("Racial discrimination can never further any 'business purpose' of a governmental entity."). This concept is consistent with the intracorporate conspiracy doctrine, which would apply when the conduct is within the scope of employment.

conduct is outside the scope of employment. The Court holds the intracorporate conspiracy doctrine applies to § 1985 claims.

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's cause of action alleging violations of 42 U.S.C. § 1985.

C. <u>Federal False Claims Act non-preemption of state wrongful discharge tort for retaliation against federal whistleblower</u>

Upon reconsideration, the Court holds the Federal False Claims Act does not preempt state wrongful discharge tort actions for retaliation against a federal whistleblower.

Defendants argue Plaintiff's action for wrongful employment retaliation in violation of public policy is preempted by the Federal False Claims Act. By enacting a comprehensive False Claims Act scheme, defendants argue, Congress intended to occupy the entire field of federal false claims. Defendants further argue California's wrongful discharge tort, by allowing the recovery of punitive damages, impedes one objective of the False Claims Act--to dissuade frivolous lawsuits by not allowing punitive damages. Plaintiff, arguing against preemption, contends California has a public policy interest in protecting its citizens from wrongful employment retaliation or termination in violation of either federal or state law.

The question whether the Federal False Claims Act preempts state wrongful discharge torts alleging retaliation for a federal whistleblower action is one of first impression in the Ninth Circuit.

This Court's original May 25, 1999 order, made in the absence of other specific authority, held preemption applied. <u>Hoefer v. Fluor Daniel, Inc.</u>, 50 F.Supp. 2d 975 (C.D. Cal. 1999). On Plaintiff's motion for reconsideration, it is apparent to the Court that preemption does not apply. Therefore, the motion for reconsideration

is GRANTED, and the Court's prior opinion is withdrawn.[6]

The same preemption issue present in this case is carefully evaluated in the detailed District Court opinion of Palladino v. VNA of Southern N.J., 68 F.Supp. 2d 455 (D.N.J. June 30, 1999). The Court is persuaded the reasoning of Palladino is correct.

The Court concludes Plaintiff's state wrongful discharge claim is not federally preempted. Defendant's motion to dismiss Plaintiff's state wrongful discharge claim is DENIED.

### III. DISPOSITION

For the reasons stated, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Second and Third Causes of Action. The Motion to Dismiss the Fourth Cause of Action is DENIED.

DATED: ~~March~~ April 7, 2000.

GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE

---

[6] Reconsideration is proper if the Court's prior ruling was clear error. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff's pending appeal of the parallel case of Hoefer v. Fluor Daniel Inc., SA CV 99-1222-GLT, does not interfere with jurisdiction in this separate case.